IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.

LISA M. MILLER and husband,       )
ROBERT ANTHONY MILLER,            )
                                  )
                Plaintiffs,       )
                                  )          COMPLAINT
        v.                        )
                                  )
THE UNITED STATES OF AMERICA,     )
                                  )
                Defendant.        )

NOW COME Plaintiffs, complaining of the Defendant, and allege and say as follows:

1.      That this action arises under Title 28, U.S.C., Section 2671 et seq., commonly referred to as the "Federal Tort Claims Act".

2.      That the Court has jurisdiction over this action pursuant to 28 U.S.C., Section 1346.

3.      That Plaintiffs are citizens and residents of Cumberland County, North Carolina, the same being within the Western Division of the United States District Court for the Eastern District of North Carolina.

4.      Plaintiffs are informed and believe and therefore allege that Womack Army Medical Center is a hospital organized and existing for the medical care and service of United States Army medical personnel and their families, and as such was an instrumentality or agency of the United States. All allegations contained herein against said entity also refer to and include the principals, agents, employees and/or servants of said entity, either directly or vicariously, under the principles of corporate liability, apparent authority, agency, ostensible agency and/or respondeat superior. That all

acts, practices and omissions of Defendant employees are imputed to their employer, the United States. That hereinafter Womack Army Medical Center will be referred to as Defendant's Hospital.

5. That upon information and belief, Dr. Vicki Lanier and all other personnel who were employed by Womack Army Medical Center at the time of the events complained of and who provided medical care to Plaintiff Lisa M. Miller at all times relevant herein were principals, agents, employees or servants of Defendant and served as physicians or medical care personnel at Womack Army Medical Center, and were acting within the course and scope of their employment with said entity. The acts, practices and omissions of these individuals are imputed to Defendant.

6. That at all times relevant herein the Defendant's Hospital held itself out to families of military personnel and to Plaintiff herein on the occasion complained of as providers of medical care and accepted Plaintiff Lisa M. Miller as a patient and rendered medical treatments to Plaintiff in conjunction with medical services sought by her on August 14, 24 and 25, 2006.

7. That under the circumstances, the individual(s) responsible for the herein described negligence, if they were private persons, would be liable to Plaintiffs for her damages resulting from their negligence.

8. That on or about May 28, 2008, Defendant received Plaintiffs' claims at the appropriate federal agency, that is, the Department of the Army, Womack Army Medical Center, Fort Bragg, NC, using a Standard Form 95, which included all medical bills and records relevant to their claims, for damages resulting from the medical negligence in the total amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00) on behalf of Plaintiff Lisa M. Miller, and One Million Dollars ($1,000,000.00) on behalf of Plaintiff Robert Anthony Miller. Thereafter, On June 28, 2008, A. Perry Wadsworth, Jr., Attorney Adviser for the Department of the Army, acknowledged

2

receipt of said claims and designated the claim of Lisa Miller as Claim Number 08-302-T008, and the claim of Robert Miller as Claim Number 08-302-T009.

9. Subsequent to initiation of it's investigation, the Defendant and the Department of the Army Legal Services Office have failed to make final disposition of Plaintiffs' claims within six months after their filing and, therefore, said failure is deemed to be a final denial of the claims for purposes pursuant to 28 U.S.C. Section 2675 (a).

10. On August 14, 2006, Plaintiff Lisa M. Miller presented to Defendant Hospital with chief complaint of lower back pain, with an intensity of 10/10, radiating into both buttocks with symptoms present for two weeks and worsening. According to the triage note, Plaintiff had no urinary symptoms at the time of presentation. After brief examination and urine testing, Plaintiff Lisa M. Miller was discharged with a diagnosis of UTI (urinary tract infection) and prescriptions specific to that diagnosis and to address low back pain.

11. Plaintiff Lisa M. Miller, returned to Womack Army Medical Center with her husband, Plaintiff Robert Anthony Miller, ten days later on August 24, 2006, with a progression of her symptoms and complaints of sacral and perianal pain and numbness with radiation into the right lower extremity for a period of one (1) week. She denied bowel and bladder incontinence but stated she had suffered constipation for two (2) days and was having urinary frequency. She was seen by Dr. Vicki Lanier who performed a brief physical examination which did not include rectal exam, diagnostic CT scans with contrast or MRI, but she did order Nubain and Solumedrol IV. Plaintiff was sent for a left hip x-ray, which was negative, at approximately 5:00 p.m. (1700) and was so tearful and in so much pain that Dilaudid was given for pain and Valium for anxiety. At 7:00 p.m. (1900), Plaintiff Lisa M. Miller, stated the pain had decreased but the right leg remained numb. At

3

7:20 p.m. (1920), after being informed of Plaintiff Lisa M. Miller's continued right leg numbness, Dr. Vicki Lanier discharged Plaintiff Lisa M. Miller, with diagnoses of left buttock pain and sciatica.

12.     On August 25, 2006, at approximately 12:00 p.m. (1200), Plaintiff Lisa M. Miller returned once again to Womack Army Medical Center Emergency Department and was seen by a different physician, at which time Plaintiff was complaining of bladder incontinence which had begun that morning and constipation of now three days duration. She also complained of numbness of her left buttock, left thigh and vagina, and nerve pain radiating to her right lower extremity. Rectal exam was carried out as was urinary catheterization which yielded one liter of clear yellow urine. MRI of the lumbar spine was ordered and showed a very large disc extrusion at L5-S1 which virtually obliterated the central canal and lateral recesses at that level. Neurosurgical referral was recommended. Arrangements were made for neurosurgical evaluation at UNC Memorial Hospital to address Plaintiff Lisa M. Miller's herniated disc with urinary incontinence and perineal paresthesia. Plaintiff was transferred to UNC Memorial Hospital at 7:40 p.m. (1940).

13.     At UNC Memorial Hospital it was determined that Plaintiff Lisa M. Miller had a large L5/S1 herniated disk with central canal compromised. An emergency laminectomy and diskectomy were performed for acute Cauda Equina Syndrome. Postoperatively, Plaintiff Lisa M. Miller remained incontinent of bowel and bladder and was discharged with a foley catheter in place. She continued to have decreased sensation in her buttocks and perineal region. Urology consultation revealed the acute cauda equina syndrome secondary to L5 disc had resulted in the loss of perineal sensation and urinary retention. It was determined that once the foley catheter was removed, intermittent self catheterization would be required. Regarding bowel function, it was determined that laxatives and digital stimulation would be needed in a bowel program.

4

14. That the United States, by and through their agents as above alleged, was negligent in the care of Plaintiff in that they, among other things:

a. Failed to provide health care to Plaintiff in accordance with the standards of practice prevailing among members of the same health care profession with similar training and experience situated in the same or similar communities as the Defendant at the time of the care provided herein;

b. Failed to exercise reasonable care and diligence in the application of his/her/their knowledge and skill to the case of Plaintiff herein;

c. Failed to use his/her/their best judgment in the treatment and care of the Plaintiff herein;

d. Failed to properly examine, evaluate and treat the signs and symptoms of Plaintiff on August 24, 2006, including but not limited to, Defendant's failure to perform a rectal exam, order an MRI, and to conduct other appropriate evaluation and testing;

e. Failed to properly order, evaluate and appreciate test results;

f. Failed to obtain proper consultations and initiate immediate referrals, specifically, failed to refer to a neurosurgeon or orthopedic surgeon for evaluation before neurologic deterioration occurred;

g. Failed to exercise due care, caution and circumspection in the delivery of medical services to Plaintiff herein.

15. As a direct and proximate result of the negligence of the agents, servants or employees of Defendant as above alleged, Plaintiff Lisa M. Miller suffered significant injuries,

5

including, but not limited to, permanent bladder, bowel and sexual dysfunction with associated loss of feeling in the perineal and vaginal areas, need for bladder self-catheterization two to three times daily, frequent bladder and vaginal infections, spontaneous voiding, reliance on laxatives and manual bowel disimpaction, lowered self esteem, chronic depression due to her altered condition and need to depend on others for private toileting needs, back pain, inability to lift, inability to carry on routine child caring responsibilities, constraints on intimate relationship with husband, loss of employment opportunities, past and prospective lost wages and loss of social interaction with others.

16. That at all times relevant herein, Plaintiff Lisa M. Miller, was married to her husband, Robert Anthony Miller, and Defendant knew or should have known of their marital relationship and that injury to Plaintiff Lisa M. Miller, could or may cause injury to Robert Anthony Miller. As a result of the negligence of the Defendant, Robert Anthony Miller has suffered significant loss of consortium.

17. The medical care referenced herein has been reviewed by persons reasonably expected to qualify as an expert witness under Rule 702 of the North Carolina Rules of Evidence and are willing to testify the medical care rendered did not comply with the applicable standards of care for their respective health care professions in the same or similar communities at the time(s) of the negligent acts and omissions complained of herein.

18. That as a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff Lisa M. Miller has suffered severe and permanent bodily injuries, causing her great pain and suffering, and inability to work, and has necessitated ongoing medical attention to address her injuries. As a direct and proximate result of the negligence of Defendant, Plaintiff Lisa M. Miller

6

has incurred damages in the amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00).

19.     That as a direct and proximate result of the negligence of Defendant and resulting injury to Plaintiff's wife, Lisa M. Miller, Plaintiff Robert Anthony Miller has suffered damages in the amount of One Million Dollars ($1,000,000.00).

WHEREFORE, Plaintiffs pray the Court as follows:

1.     That the Plaintiff Lisa M. Miller have and recover of Defendant a sum in the amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00).

2.     That the Plaintiff Robert Anthony Miller have and recover of Defendant a sum in the amount of One Million Dollars ($1,000,000.00).

3.     That the costs of this action be taxed against Defendant.

4.     For such other and further relief as the Court may deem just and proper.

This the ___10___ day of ___Dec.___, 2009.

_____
R. Kent Brown
BROWN, MOORE & ASSOCIATES, PLLC
Attorney for Plaintiffs
930 East Boulevard
Post Office Box 35189
Charlotte, NC   28235
Telephone:     704/335-1500
Facsimile:     704/333-1636

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing COMPLAINT with the Clerk of Court using CM/ECF, and have sent by United States mail, with adequate postage thereon, a copy of the foregoing COMPLAINT to the following:

> The United States of America
> Office of the United States Attorney
> 310 New Bern Avenue
> Federal Building, Suite 800
> Raleigh, North Carolina 27601-1461

This the 11th day of December, 2009.

_____
R. Kent Brown
Attorney for Plaintiffs

8