IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-534-F

| | |
|---|---|
| LISA M. MILLER and her husband,<br>ROBERT ANTHONY MILLER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  **ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

This matter is before the court on the Government's Motion for Dates Certain for the Parties to Present Their Evidence at Trial [DE-30], Plaintiffs' Motion to Prevent Duplicitous [sic] Testimony [DE-31] and the Government's Motion to Strike Plaintiff's Motion to Prevent Duplicitous Testimony [DE-33].

## I. Relevant Procedural History

This case is set for a bench trial before the undersigned on the term of court commencing on August 1, 2011.

On June 20, 2011, the Government filed its Motion for Dates Certain [DE-30]. In the Motion, the Government requests that the court designate dates certain for the presentation of evidence by each party. The Government represents that the parties' opinion witnesses are healthcare providers at major academic institutions, and that dates certain for presentation of evidence are necessary to minimize the impact on the healthcare system and people of North Carolina. As presented in the Government's motion, Plaintiffs forecast two and one-half to three

days to present evidence. The Government opines that some of Plaintiffs' witnesses may be duplicative, and therefore only two days should be allotted for presentation of Plaintiffs' evidence. The Government also represents that Plaintiffs want the opportunity to present witnesses out of order, and states that the Government "does not object to Plaintiffs presenting the witnesses in any order prior to resting their case" but "since Defendant United States always goes last, Defendant strongly objects to Plaintiffs presenting evidence after Plaintiffs have rested." Mot. [DE-30] at pp. 1-2. Accordingly, the Government requests that the court enter an order directing the trial begin on August 1, 2011, and Plaintiffs be able to present evidence on Monday and Tuesday, August 1 and 2, 2011, or on Monday, Tuesday, and Wednesday, August 1, 2, and 3, 2011, with the Government presenting its witnesses on Wednesday and Thursday, August 3 and 4, 2011, or on Thursday and Friday, August 4 and 5, 2011. The Government states in its motion it will "make its best efforts to have a witness in court or an on-call witness to present if Plaintiffs rest their case prior to the close of the last of Plaintiffs' Court-assigned days of trial." Mot. [DE-30] at p. 3.

Plaintiffs has responded by filing Plaintiffs' Motion in Partial Concurrence with Defendant's Motion for Dates Certain for the Parties to Present their Evidence at Trial and Plaintiffs' Motion to Present Duplicitous [sic] Testimony [DE-31] and a supplement thereto [DE-32]. In summary, Plaintiffs reassert their need to for two and one-half to three days to present testimony and further argue that if the Government argues that judicial efficiency requires restricting the presentation of evidence on the same subject matter, then the Government should be similarly restricted in presenting duplicative witnesses.

The Government has, in turn, responded by filing its Motion to Strike Plaintiffs' Motion to Prevent Duplicitous Testimony [DE-33]. The Government argues that Plaintiffs' motion addressing

2

duplicative witnesses is premature and should be stricken.

## II. Government's Motion for Date Certain

The Government's Motion for Date Certain requests, explicitly and implicitly, that the court order four things: (1) the bench trial commence on August 1, 2011; (2) Plaintiffs be restricted to two days of testimony; (3) the court set aside specific days for the presentation of Plaintiffs' evidence and the Government's evidence, and (4) the Government be the last party present evidence.

With regard to the Government's first request, the undersigned's terms of court involve both criminal and civil matters. The undersigned always addresses all criminal matters first to protect the rights of criminal defendants under the Speedy Trial Act, 18 U.S.C. § 3161(b). This civil bench trial, therefore, will not commence on the first day of the August 1, 2011, term of court. As this court has communicated to the parties' counsel, due to the nature of the criminal docket it is almost always impossible to predict with any certainty the date a civil trial will commence. Consequently–as stated in the undersigned's practice preferences available to all litigants on the court's home page–civil litigants who desire a date certain for trial are encouraged to consent to magistrate judge jurisdiction. *See* Practice Preferences, available at http://www.nced.uscourts.gov/html/judges.htm. The court, however, is aware of the unique concerns raised by the parties' proposed opinion witnesses. Based on those unique concerns, the court has communicated with counsel for the parties, and the parties have indicated that their witnesses will be available for this bench trial to commence on Monday, August 29, 2011.

With regard to the Government's second request–that Plaintiff be restricted to two days to present evidence–the court declines to make such a ruling at this time. The Government has failed to file a fully-supported motion in limine with regard to the allegedly duplicative witnesses, and

3

without such a motion, the court is not in a position to rule on the issue.

The Government's third request also is denied. The court already has–in an effort to accommodate the parties' proposed opinion witnesses–set this bench trial to commence on a date certain. Plaintiffs have estimated that the presentation of their case in chief will take two and one-half to three days. The parties, therefore, should be prepared to proceed accordingly. That is, Plaintiff will commence with their case-in-chief on August 29, 2011. At the conclusion of the Plaintiffs' case-in-chief, the Government will be prepared to go forward with the presentation of its defense. The court does not see a need, at this time, to set a date certain for each party to present its evidence. As counsel for the parties no doubt understand, because this is a *bench* trial, the concerns raised in *jury* trials regarding the order of presentation of evidence are not present. Accordingly, the court will consider offering additional reasonable accommodation if a proposed opinion witness requires it, even if this may result in evidence being presented in a slightly different order than originally envisioned by counsel.

This leads to the Government's fourth request: that it be the last party to present evidence. Again, the court declines to make such a ruling at this time, other than to state that the court intends, to the extent possible, to follow the normal order of presentation of evidence.[1] Of course, this is without prejudice to the exercise of the court's discretion to regulate the order of proof, if necessary, pursuant to Federal Rule of Evidence 611(a)–including, if the need arises, to accommodate the schedule of a proposed opinion witness.

---

[1] The usual order of proof of trial is as follows: (1) the plaintiff presents its case in chief; (2) the defendant presents its evidence supporting its defense; (3) if appropriate, the plaintiff presents rebuttal evidence, and (4) if appropriate, the defendant presents surrebuttal evidence. *See* 28 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE & PROCEDURE § 6164.

### III. Plaintiffs' Motion to Prevent Duplicitous [sic] Testimony and Government's Motion to Strike

Presumably prompted by the Government's suggestion that the court exclude some of Plaintiffs' witnesses from trial, Plaintiffs themselves move to restrict the testimony of some of the Government's proposed witnesses. Like the Government's motion, Plaintiffs motion is not fully supported. Accordingly, the motion is DENIED without prejudice. The Government's Motion to Strike [DE-33] the Plaintiffs' motion is denied as moot.

### IV. Conclusion

For the foregoing reasons, it hereby is ORDERED that the Government's Motion for Dates Certain for the Parties to Present Their Evidence at Trial [DE-30] is ALLOWED in part. This bench trial is set to commence on Monday, August 29, 2011, at 9:00 a.m. In all other respects, the motion is DENIED.

Additionally, Plaintiffs' Motion to Prevent Duplicitous Testimony [DE-31] is DENIED without prejudice, and the Government's Motion to Strike Plaintiff's Motion to Prevent Duplicitous Testimony [DE-33] is DENIED as moot.

SO ORDERED. This, the 13th day of July, 2011.

James C. Fox
Senior United States District Judge