IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-534-F

LISA M. MILLER and her husband, )
ROBERT ANTHONY MILLER, )
)
)
Plaintiffs, )
)
) **ORDER**
v. )
)
UNITED STATES OF AMERICA, )
)
)
Defendant. )

This matter is before the court on expedited review of Plaintiffs' Motion to Allow Additional Testimony of Previously Deposed Medical Care Provider [DE-42] and the Government's Motion to Quash Plaintiffs' Subpoena for Deposition Testimony and Production Issued to Dr. Eldad Hadar [DE-50].

## I. RELEVANT PROCEDURAL BACKGROUND

Plaintiff Lisa Miller ("Mrs. Miller") presented to the Womack Army Medical Center Emergency Department (WAMC ED) on August 24, 2006, and August 25, 2006. On August 25, 2006, WAMC ED referred Mrs. Miller to UNC neurosurgery. Mrs. Miller arrived at the UNC Emergency Department on August 25, 2006, and eventually was treated by Dr. Eldard Hadar beginning on August 26, 2006. One of the issues in this litigation is what care should have been rendered to Mrs. Miller prior to August 26, 2006.

After Plaintiffs filed this action, Dr. Hadar was deposed by the Government on November 10, 2010. During the course of his deposition, Dr. Hadar explicitly stated that he was unwilling to review the medical records from WAMC ED from August 24, 2006 and opine on

what care Mrs. Miller should have been received prior to his treatment of her on August 26, 2006. *See* Dep. of Eldard Hadar [DE-46-4] at pp. 58-61 (explaining why he was unwilling to render that opinion including his belief that doing so "seems like expert testimony, which is what I'm trying to avoid."). Plaintiffs' counsel also questioned Dr. Hadar at the deposition, and noted throughout his questioning that he understood that Dr. Hadar did not wish to serve as an expert in this case. *Id.* at pp. 91-94 ("And at this point, as I understand it, you don't wish to offer an expert opinion[.]").

The Scheduling Order in this case provided: "All discovery will be concluded by February 19, 2011." April 30, 2010 Scheduling Order [DE-19]. As the docket and the assertions by the parties with regard to the instant motion make clear, the parties apparently did not feel bound by this Order from the court. Indeed, in an unsworn document attached to its response, the Government asserts that the parties agreed, on December 20, 2010, "to extend the deadlines for the close of discovery and for Defendant to designate experts to provide Plaintiffs time to produce documents." *See* "FACTS" [DE-46-2][1] at unnumbered ¶ 8. The court notes that this "FACTS" document contains inconsistencies. The Government, in one sentence, states: "On February 19, 2011, discovery closed and on March 19, 2011, all dispositive motions were due to be filed per the Scheduling Order." *Id.* at unnumbered ¶ 10. Just two paragraphs later, the unsworn document states "On April 1, 2011, per the parties' agreement, discovery closed." *Id.*

---

[1] This unsworn "FACTS" document cites to "Ex. 4, attached" in support of its contention that the parties agreed, on December 20, 2010, to extend the deadlines for the close of discovery. There is no Exhibit 4 attached to the "FACTS" document, and it does not appear that the other exhibits attached to the Government's Response [DE-46; DE-47] show this alleged agreement between the parties.

2

at unnumbered ¶ 12.² The court recognizes that the parties, pursuant to Federal Rule 26(a)(2)(D), may stipulate as to the timing of disclosure of expert witnesses and their required reports. The court notes that it does not interpret the freedom to stipulate as to the timing of required disclosures as giving the parties the corresponding freedom to extend the court-ordered discovery deadline without the court's permission.

In any event, the Government asserts "per agreement" it served the opinions of two of its designated expert witnesses on neurosurgery, Dr. Thomas A. Sweasey and Dr. Allan Friedman, on Plaintiffs on February 18, 2011–in other words, one day before all discovery was to be concluded per the deadline set by the court. Plaintiffs, for their part, did not depose these witnesses by April 1, 2011–the new discovery deadline the parties allegedly agreed to without the court's permission. Rather, it appears that the parties agreed–without seeking permission from the court via a joint motion–to conduct depositions of these witnesses outside the discovery period. Indeed, the depositions of these witnesses took place well outside of either the court-ordered discovery period or the parties' alleged extended discovery period. Plaintiffs deposed Dr. Friedman on June 29, 2011—two days before the court-ordered deadline for the parties to file their proposed pretrial order. Plaintiffs deposed Dr. Sweasey on July 6, 2011—one day after the pretrial conference conducted by United States Magistrate Judge William A. Webb on July 5, 2011 and five days after the proposed pretrial order was filed.

In the parties' original proposed pretrial order, both parties list the deposition transcript of Dr. Hadar as discovery material they intended to introduce at trial. Plaintiffs assert, however, that at the pretrial conference they notified Judge Webb and counsel for the Government of their

---

² Again, the court notes the "FACTS" document cites to "Ex. 4, attached" in support of this assertion, but there is no exhibit in the record reflecting the parties' agreement.

desire to add Dr. Hadar as a trial witness or obtain additional deposition testimony, and counsel for the Government objected. The record reflects that Judge Webb did not sign the original proposed pretrial order after the pretrial conference, but rather directed the parties to submit an amended proposed pretrial order.

On July 15, 2011, the parties filed the amended proposed pretrial order. One of the amendments to the proposed pretrial order was Plaintiffs listing Dr. Hadar as a witness who will offer live testimony at trial. After Dr. Hadar's name, the following notation appears: "Defendant objects to Plaintiffs listing Dr. Hadar as a witness who would provide live testimony at trial. If Plaintiffs wish to pursue the matter of having Dr. Hadar appear and provide live testimony at trial, they will file a separate motion with the Court to attempt to achieve that result." Pretrial Order [DE-45] at p. 215.

Shortly thereafter, on July 18, 2011, Plaintiffs did just that and filed the instant motion to allow additional testimony from Dr. Hadar.

## II. MOTION TO ALLOW ADDITIONAL TESTIMONY

Plaintiffs assert in the motion that additional testimony from Dr. Hadar is needed because (1) the deposition testimony of Drs. Friedman and Sweasey differs from their previously submitted written opinions; (2) the Government, in the Pretrial Order, includes contentions "based on assumptions and conclusions not contained in Dr. Hadar's previous testimony, and selectively utilize[s] portions of his deposition which are not representative of his full opinion which he declined to give at the time of his deposition;" and (3) Plaintiffs now believe Dr. Hadar is willing to offer his "true opinion." Plaintiffs want to either elicit live testimony from Dr. Hadar at trial, or conduct another deposition of Dr. Hadar, presumably a *de bene esse* deposition to be used at trial. The Government vehemently opposes either option.

4

The court is confronted with a procedural dilemma. Local Civil Rule 16.1(c) requires the parties to list the name and address of all witnesses each party may offer at trial. If an opposing party has an objection to a proposed witness, that opposing party generally may file a motion in limine or other appropriate motion under the Federal Rules of Civil Procedure to exclude or limit the proposed witness' testimony. Here, however, the Plaintiffs have moved for leave to present testimony of Dr. Hadar.

From the Government's Response [DE-46], it does not appear that the Government objects to the solicitation of live testimony from Dr. Hadar *per se*–indeed, such a *per se* blanket objection would appear, at first glance, to be meritless. The court perceives that what the Government finds objectionable is the possibility that Dr. Hadar will now offer his opinion–whether via live testimony or a *de bene esse* deposition–on what action, if any, should have been taken on August 24, 2006, after he categorically refused to offer such an opinion in his November 2010 deposition. Specifically, the Government argues that such testimony would convert Dr. Hadar into an "expert" witness, and this late identification runs afoul of the Federal Rules of Civil Procedure.

Rule 26(a)(2) provides, in pertinent part, the following:

> **(2)** *Disclosure of Expert Testimony.*
>> **(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>>
>> **(B)** *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. . . .

5

. . . .

> **(C)** *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> **(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>>
>> **(ii)** a summary of the facts and opinions to which the witness is expected to testify.
>
> **(D)** *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
>> **(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or
>>
>> **(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

FED. R. CIV. P. 26(a)(2). In other words, the disclosure of the identity of all expert witnesses is mandated by the Federal Rules of Civil Procedure, and in some instances, a report from the expert witness is required. Rule 37(c) provides that if a party fails to identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Accordingly, the court perceives that the Government is arguing that soliciting Dr. Hadar's opinion on what actions would have been taken on August 24, 2006, converts him, as Mrs. Miller's treating physician, from a pure fact witness to a hybrid witness–one that is both a fact witness and offering "expert" testimony. The court construes the Government's Response

6

[DE-46] to be, in actuality, a motion under Rule 37(c)(1) to exclude any possible testimony from Dr. Hadar on the care that would or should have been rendered to Mrs. Miller on August 24, 2006, in light of Plaintiffs' failure to disclose Dr. Hadar as an expert witness and Dr. Hadar's explicit insistence at his deposition that he was unwilling to offer "expert" opinions in this case.

The briefing before the court, as it presently stands, does not show if Plaintiffs believe (1) that the additional testimony they seek from Dr. Hadar will convert him into a hybrid witness; (2) if so, whether they were required to identify him as an "expert" or hybrid witness and make other applicable disclosures under Rule 26(a)(2), and (3) why, if they failed to make such required disclosures by the applicable deadlines, their failure is "substantially justified" or "harmless" such that Dr. Hadar may render "expert testimony" to be offered at trial. Accordingly, Plaintiffs are DIRECTED to file a response addressing these issues on or before **Friday, August 5, 2011, at noon.**

### III. MOTION TO QUASH

After filing its Response to Plaintiffs' Motion to Allow Additional Testimony, the Government then filed a Motion to Quash Plaintiffs' Subpoena for Deposition Testimony and Production Issued to Dr. Eldad Hadar [DE-50]. The Government argues that the subpoena was issued from the Eastern District of North Carolina, but it commands Dr. Hadar's appearance for testimony at a deposition and production of documents to take place in Chapel Hill, North Carolina, which is located in the Middle District of North Carolina. The Government moves to quash the subpoena because the Rule 45 of the Federal Rules of Civil Procedure provide that subpoenas for attendance at a deposition and for production of documents must issue from the district where the deposition and production are to take place. *See* Fed. R. Civ. P. 45 9a)(2)(B) and (C).

Unfortunately for the Government, it has no standing to move to quash the subpoena on this basis. *See United States v. Idema*, 118 Fed.Appx. 740, 743 (4th Cir. 2005); *United States v. Gordon*, 247 F.R.D. 509, 510 (E.D.N.C. 2007); 9A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2549("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."). The Government's motion is DENIED.

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Quash [DE-50] is DENIED. Plaintiffs are DIRECTED to file a response to this court's order, **on or before Friday, August 5, 2011, at noon**, briefing the following issues: (1) whether Plaintiffs believe that the additional testimony they seek from Dr. Hadar will convert him into a hybrid witness; (2) if so, whether they were required to identify him as an "expert" or hybrid witness and make other applicable disclosures under Rule 26(a)(2), and (3) why, if they failed to make such required disclosures by the applicable deadlines, their failure is "substantially justified" or "harmless" such that Dr. Hadar may render "expert testimony" to be offered at trial. The court reserves ruling on Plaintiffs' Motion to Allow Testimony [DE-42].

Finally, Plaintiffs' Withdrawal of Plaintiffs' Reply to Defendant's Response [DE-49], to the extent it is a motion, is ALLOWED.

8

SO ORDERED.

This the 3rd day of August, 2011.

                                              James C. Fox
                                              Senior United States District Judge