IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-534-F

| | | |
|---|---|---|
| LISA M. MILLER and her husband, ROBERT ANTHONY MILLER, | ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | **ORDER** |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the Plaintiffs' Motion for Further Clarification [DE-63].

Earlier in this action, Plaintiffs filed a Motion to Allow Additional Testimony of a Previously Deposed Medical Care Provider. Plaintiffs sought to take further deposition testimony and/or allow live testimony from Dr. Eldad Hadar, who previously had explicitly declined to offer his opinion on the care he would have given Plaintiff Lisa Miller on August 24, 2006. While Plaintiffs' motion was pending, they subpoenaed Dr. Hadar for a deposition on August 12, 2011. The court viewed the Government's response to Plaintiffs' motion to be a request under Rule 37(c)(1) to exclude any possible testimony on the care that would have been rendered to Mrs. Miller on August 24, 2006, in light of Plaintiffs' failure to disclose Dr. Hadar as an expert witness and Dr. Hadar's explicit insistence at his November, 2010, deposition that he was unwilling to offer expert opinions in this case. The court, therefore, asked for additional briefing.

After receiving further briefing from the parties, the court, in an order filed August 8, 2011, denied Plaintiffs' request to offer testimony from Dr. Hadar on the care he would have given to Mrs. Miller on August 24, 2006. Specifically, in the "Conclusion" section of the order, the court stated: "Plaintiffs' Motion to Allow Additional Testimony is DENIED to the extent it seeks to elicit testimony from Dr. Eldad Hadar that will be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." Order [DE-61] at p. 9.

Plaintiffs now seek further clarification from the court. Specifically, Plaintiffs query whether it is "to be assumed the Court's utilization of the terminology 'to be used at trial' acknowledges and approves of the Deposition [of Dr. Hadar noticed for August 12, 2011] and inquiry into areas under which the Federal Rules of Evidence 702, 703 or 705 may apply, although not admissible at trial, but for the purposes of preservation of the record on appeal, should the same become necessary?" Mot. for Clarification [DE-63].

At the outset, the court observes that discovery has been closed for several months. Therefore, the court makes explicit what was implicit in its August 8, 2011, Order: to the extent that the August 12, 2011, deposition is a discovery deposition, it is in violation of the court's Scheduling Order, and the August 8, 2011, Order, does nothing to change that. The court agrees with the Government's assertion that a deposition of Dr. Hadar for the purposes of discovering what care he would have rendered to Mrs. Miller on August 24, 2006, is not needed to preserve any issue for appeal. Thus, the court does not "approve" of the use of the deposition to make inquiry into areas under which the Federal Rules of Evidence 702, 703 or 705 apply, and Plaintiffs do not have leave of this court to accomplish that purpose.

To the extent the August 12, 2011, deposition is a *de bene esse* deposition, the court

2

recognizes that under the Local Rules of this court, such a deposition can be taken outside the discovery period. Contrary to the Government's assertion, it does not appear that any federal rule of civil procedure or evidence requires a witness to "become" unavailable for trial in order for a de bene esse deposition to take place. Rather, Rule 32(a) provides for the use of depositions at trial under certain circumstances, and does not distinguish between "discovery" depositions and "de bene esse" depositions. *See e.g.*, Rule 32(a)(4)(B) ("A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition."). Often, parties agree to use a deposition that is taken during the discovery period (and therefore ostensibly only for discovery purposes) at trial pursuant to Rule 32. Sometimes, however, a party seeks leave to conduct a de bene esse deposition, in addition to a discovery deposition, for the reason that a discovery deposition is not structured in the format in which the party would like to present the testimony at trial. *See, e.g. Lucas v. Pactiv Corp.*, Civil No. 5:08cv00079, 2009 WL 5197838 at *1 (W.D. Va. 2009).

It does not appear, however, that Plaintiffs moved for leave for additional testimony from Dr. Hadar for the latter purpose. Rather, Plaintiffs' original motion proffered two reasons for wanting to solicit additional testimony from Dr. Hadar, either live at trial or via deposition: (1) so Dr. Hadar could give his opinion on the care that would have been given to Mrs. Miller on August 24, 2006, and (2) so the court could discern whether the Government's characterization of Dr. Hadar's position in the Pretrial Order is accurate. The court already has ruled on the Plaintiffs' first reason and rejected it. The court now rules on the second, and finds that it is

3

Case 5:09-cv-00534-F Document 65 Filed 08/10/11 Page 3 of 4

capable of reading Dr. Hadar's testimony and determining whether the Government has mischaracterized it. Therefore, that appearing to be the sole remaining reason for Plaintiffs' desire to take Dr. Hadar's deposition on August 12, 2011, Plaintiffs' request for leave to do so is DENIED.

SO ORDERED.

This the 10th day of August, 2011.

*James C. Fox*
James C. Fox
Senior United States District Judge